UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose A.R.,

          Petitioner,           ORDER GRANTING PETITION
                                    FOR WRIT OF HABEAS CORPUS
v.

                                     Civil File No. 26-01424
Pamela Bondi, et al.,                   (MJD/EMB)

          Respondents.

Alyssa Nguyen-Schmitz, Nguyen Firm, LLC, Counsel for Petitioner.

Anthony Barrows, David W. Fuller, Assistant United States Attorneys, Counsel for Respondents.

This matter is before the Court on Petitioner Jose A.R.'s Petition for Writ of Habeas Corpus. [Doc. 1.] Petitioner claims he is currently unlawfully detained due to the Respondents' improper invocation of 8 U.S.C. § 1225(b). Petitioner argues that his immigration status subjects him instead to 8 U.S.C. § 1226(a), where detention is discretionary and release is permitted via conditional parole or bond. Further, Petitioner argues that because he was detained without a warrant, the proper remedy in this circumstance is his immediate release from custody. Respondents challenge Petitioner's arguments, instead maintaining that Petitioner is subject to mandatory detention under § 1225(b).

1

I.   Facts[1]

Based on the facts included in the petition, Petitioner Jose A.R. is a citizen of El Salvador and has lived in the United States since May 2000. [Doc. 1 ¶ 12.] Petitioner entered the United States without inspection and does not have a final order of removal. [Id. ¶ 13.] Petitioner is married and has two children, ages 8 and 13, who are United States citizens. [Id. ¶ 15.] On February 13, 2026, Petitioner was detained on his way to work. [Id. ¶ 14.]

II.   Discussion

**A. Jurisdiction**

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). District courts have jurisdiction to hear habeas challenges to immigration-related detention. Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Aditya W. H. v. Trump, Civ. No. 25-1976 (KMM/JFD), 782 F. Supp. 3d 691, 702-03 (D. Minn. May 14, 2025) (collecting cases). The petitioner bears the burden to

---

[1] "Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted." Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *1 n.2 (D. Minn. Jan. 20, 2026) (citation omitted).

prove illegal detention by a preponderance of the evidence.  See Aditya, 782 F. Supp. 3d at 703 (collecting cases).

### B. Distinction between Section 1225 and 1226

Like many petitioners the District of Minnesota has seen in the past several months, Petitioner here argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b) [Doc. 1 ¶ 46.] Respondents, on the other hand, assert that Petitioner's status subjects him to mandatory detention under 8 U.S.C. § 1225(b). [Doc. 5 at 1–2.]

In Mahamed C.A. v. Noem, Magistrate Judge John F. Docherty succinctly explained the two statutes at issue in this case:

> Two provisions of the Immigration and Nationality Act are relevant to this case. Under 8 U.S.C. § 1225(b)(2), which applies to "an alien seeking admission" to the United States, detention while immigration proceedings are conducted is mandatory, while under 8 U.S.C. § 1226(a), which applies to an alien who is unlawfully present in the United States, detention is discretionary and may only be imposed after a hearing.

No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *1 (D. Minn. Dec. 16, 2025), R&R adopted sub nom., 2025 WL 3754012 (D. Minn. Dec. 29, 2025).

Petitioner alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), when under the facts of this case, any detention could only be pursuant to 8 U.S.C. § 1226(a) because he was "apprehended within the United

3

States, not at a border while seeking entry," and which would also require a warrant. [Doc. 1 ¶ 26.]

After receiving the petition, the Court ordered Respondents to show cause why the writ should not be granted in this case and to include with their answer "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." [Doc. 3 at 1.]

In response, Respondents state the following:

> This petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided. Those issues are currently before the Eighth Circuit on expedited review in Avila v. Bondi, No. 25-3248 (8th Cir. docketed Nov. 10, 2025), and the Fifth Circuit recently agreed with the government's position in Buenrostro-Mendez v. Bondi, -- F.4th --, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

[Doc. 6 at 1.] Respondents assert all arguments made in Avila. [Id.]

This response is unpersuasive because this Court agrees with the majority of courts not only in this District, but also nationwide, that overwhelmingly side with Petitioner. See Beltran v. Bondi, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *3 (D. Minn. Dec. 23, 2025) ("To be seeking admission means to be seeking entry, which 'by its own force implies a coming from outside.'") (quoting United States ex rel. Claussen v. Day, 279 U.S. 398, 401 (1929)) (citation omitted); see also

4

Edwin C. R. v. Bondi, No. 26-00355 (MJD/JFD), 2026 WL 185068, at *2 (D. Minn. Jan. 25, 2026) (distinguishing cases cited by Respondents); Mahamed C.A., 2025 WL 3771299, at *2 ("The United States concedes that Petitioner's claim is similar to numerous other immigration cases in this District in which citizens detained by U.S. Immigration and Customs Enforcement seek bond hearings, in every one of which a district judge of this Court has ruled against the government's new interpretation. . . . Going beyond Minnesota to consider this question on a national level, over 300 cases (and counting) have been decided adversely to the government."). Accordingly, the Court finds that Petitioner is properly detained, if at all, under 8 U.S.C. § 1226(a).

### C. Warrantless Arrest

The next question this Court faces is whether the appropriate remedy here is an opportunity for a bond hearing or Petitioner's immediate release from custody. Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." Cristian Z. v. Bondi, No. 26-CV-157 (ECT/ECW), 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation omitted). "It follows that absent a warrant a

noncitizen may <u>not</u> be arrested and detained under section 1226(a)." Id. (cleaned up); <u>Ahmed M. v. Bondi</u>, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (same).

Here, Petitioner claims that his arrest was warrantless. [Doc. 1 ¶ 26.] As discussed above, Respondents were ordered to provide any affidavits and exhibits needed to establish the lawfulness of Petitioner's detention. [Doc. 3 at 1.] They were also ordered to address whether the absence of a warrant preceding Petitioner's arrest necessitated his immediate release. [<u>Id.</u> at 2.] Respondents did not include a warrant with their response or even argue that one exists. Accordingly, Petitioner's immediate release is the proper remedy here. See <u>Ahmed M.</u>, 2026 WL 25627, at *3 (a failure to satisfy warrant requirement is grounds for immediate release of an individual detained under Section 1226(a)).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court **GRANTS** the Petitioner's Petition for Writ of Habeas Corpus **[Doc. 1]** as follows:

    a. Respondents must immediately release Petitioner from detention into Minnesota;

    b. Respondents are ordered to immediately return all Petitioner's personal items that were taken from him when he was detained

      in substantially the same condition as when the items were taken during his arrest, such as his driver's license, immigration papers, passport, cell phone, and keys;

   c. Petitioner shall be released on his own recognizance without any conditions upon his release; and

   d. Respondents are enjoined from re-detaining Petitioner under the same statutory theory that has been rejected in this Order.

2. Respondents are ordered to confirm Petitioner's release from custody as well as the Respondents' compliance with the rest of the Court's Order within forty-eight (48) hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 19, 2026          s/Michael J. Davis
                                                    Michael J. Davis
                                                    United States District Court